IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES NEWTON, II, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV242 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STANDARD CANDY COMPANY, INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JIMBO'S JUMBOS, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

This matter is before the court on the plaintiff's motion to compel and for sanctions (Filing No. 57). The plaintiff filed a brief (Filing No. 58), an affidavit (Filing No. 61) and an index of evidence (Filing No. 62). The defendant Standard Candy Company, Inc. (Standard Candy) filed a brief (Filing No. 65) in opposition to the plaintiff's motion. The plaintiff did not file a reply. Jimbo's Jumbos, Inc. did not participate in the briefing of this matter.

## BACKGROUND

The plaintiff alleges he was injured on or about March 11, 2004, when he bit into a Goo Goo Cluster candy bar. The plaintiff alleges the injury was caused by an "undeveloped peanut." **See** Filing No. 1. The plaintiff asserts the candy bar was manufactured, assembled, inspected and distributed by Standard Candy. *Id.* Standard Candy filed a third party complaint alleging Jimbo's Jumbos, Inc. (Jimbo's Jumbos) supplied the peanuts which were incorporated into the batch of candy bars including the one purchased by the plaintiff. **See** Filing No. 7.

Based on these allegations the plaintiff asserts claims against Standard Candy for negligence, breach of implied warranties and strict liability. **See** Filing No. 1. In turn, Standard Candy alleges any of the plaintiff's injuries or damages were caused by Jimbo's

Jumbos's negligence.  **See** Filing No. 7.  On that basis, Standard Candy contends it is entitled to indemnity or contribution from Jimbo's Jumbos.  ***Id.***

On May 16, 2007, Standard Candy filed a motion for summary judgment.  **See** Filing Nos. 49-52.  In the motion, Standard Candy contends it cannot be found liable to the plaintiff as a matter of law under the theories of strict liability or breach of implied warranty because the plaintiff admitted he knew the candy bar contained peanuts and/or that peanuts were natural to the product.  Further, Standard Candy contends the plaintiff failed to provide any evidence the peanut in question was harmful by way of personal experience or expert testimony.  Next, Standard Candy contends the plaintiff's negligence claim, based on res ipsa loquitur, is insufficient based on the allegations in the complaint or evidence produced during discovery to sustain the claim that allowing an undeveloped peanut into a candy bar is negligence.  Finally, Standard Candy contends the plaintiff cannot establish Standard Candy breached any duty to the plaintiff.

On June 1, 2007, the plaintiff filed the instant motion seeking additional discovery and for an extension of time to respond to Standard Candy's motion for summary judgment.  The plaintiff contends Standard Candy's failure to provide complete and timely discovery has impaired his ability to respond to the motion for summary judgment.  On June 4, 2007, the court granted the plaintiff a continuance of the deadline to respond to Standard Candy's motion for summary judgment, until after the resolution of the motion to compel.  **See** Filing No. 63.

The plaintiff alleges Standard Candy failed to properly respond to discovery requests and failed to provide dates for depositions of individuals known only to Standard Candy.  **See** Filing No. 58, p. 3.  On April 11, 2007, the plaintiff served the defendant with Written Interrogatories Set III and Requests for Production Set III.  **See** Filing No. 47 - Certificate of Service.  In a letter dated April 11, 2007, the plaintiff also stated he wished to take unspecified depositions upon receipt of the discovery responses.  **See** Filing No. 62, Exhibit 3.  On May 15, 2007, the defendant served responses to the April 11, 2007 discovery, objecting to the discovery as overly broad, unduly burdensome and irrelevant. **See** Filing No. 62, Exhibits 1 and 2.  Counsel exchanged electronic mail regarding the disputed discovery on May 29, 2007, and May 30, 2008, without reaching an accord.  **See** Filing No. 62, Exhibits 9-10.

On June 1, 2007, the plaintiff filed the instant motion to compel also seeking attorney's fees. The plaintiff states he seeks an order compelling Standard Candy to provide responses, over objections, to the plaintiff's Written Interrogatories Set III and Requests for Production Set III, and to provide dates for related Rule 30(b)(6) depositions. The plaintiff describes the disputed discovery as information related to the defendant's "records of claims that have been made for damages to teeth, mouth, jaws and other associated masticating structures." **See** Filing No. 58, p. 4. The plaintiff fails to make any argument in his brief supporting the relevance of the sought-after discovery. The plaintiff argues only that responses are necessary to enable the plaintiff to respond to the defendant's motion for summary judgment.

The defendant maintains its objections to each discovery request. Specifically, the defendant argues none of the requested discovery will have a tendency to make the existence of any material fact more probable or less probable. **See** Filing No. 65, p. 3 (**citing** Fed. R. Civ. P. 401). The defendant contends the plaintiff's only basis for the discovery is because evidence about the defendant's claims handling practices allegedly "reflects quite badly on" the defendant and is an attempt to embarrass the defendant. *Id.* (**quoting** Filing No. 62, Exhibit 3 - Letter from Plaintiff's Counsel p. 2).

The plaintiff alleges, through correspondence, the defendant engaged in a course of conduct frustrating consumer claims related to product injuries, and specifically undeveloped peanut injuries. **See** Filing No. 62, Exhibit 3 - Letter from Plaintiff's Counsel p. 2. The plaintiff suggests the defendant had a practice of telling customers to send the bad peanut to the defendant, which peanut the defendant would lose or misplace, effectively eliminating any claim against the company. *Id.* Additionally, the plaintiff alleges the defendant had a practice of ignoring and/or denying any claims made in an attempt to make the consumers give up. *Id.*

Based on the above allegations the plaintiff served the defendant with the following three Requests for Production:

> 1. Copies of all <u>ISO[1] printouts for all insurance companies of all claims made since 1994</u> whether the claim was settled or no payment was made as a result of injuries to teeth, jaw, mouth or any other structure associating with the masticating process regardless of how the claim was classified as long as it involved any claim for injuries suffered by the claimant coming in contact with a peanut, unprocessed peanut, raw peanut, petrified peanut, or other hard substance in any candy manufactured by [the defendant].
> 2. A copy of the list of all claims paid directly by [the defendant] that shows the date of the claim, the claimant[']s name, address and telephone number, the nature of the claim and the amount paid for injury to the teeth, jaw, mouth or any other structure associating with the masticating process.
> 3. A copy of all documents prepared by the claim staff of any lawsuits that have been filed since 1994 whether currently pending or not and such document is to set out the name of the claimant, the court which the case is or was filed, the claim number and the plaintiff attorney's name.

**See** Filing No. 62, Exhibit 1 (emphasis added).

Additionally, the plaintiff served the defendant with the following four interrogatories:

> 1. State the name and address of each and every insurance company who has provide[d] medical pay coverage of property and casualty coverage for [the defendant] since 1994.
> 2. Identify the name of each and every person that contacted [the defendant] claiming that they had been injured eating a candy product manufactured by [the defendant] that was requested to return the peanut and in fact did return the peanut to [the defendant].
> 3. For each of the persons identified in the above and foregoing Interrogatory that returned the peanut to [the defendant] that they claimed caused the injury to them, how many of those individuals actually received any form of compensation from [the defendant] or any of its insurance companies.
> 4. Of those who returned the peanut to [the defendant] how many of those peanuts were reported to the claimant as having been lost while in the possession of [the defendant].

*Id.* Exhibit 2.

---

[1] Insurance Services Organization.

**ANALYSIS**

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See *Burlington Ins. Co. v. Okie Dokie, Inc.***, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. ***Id.*** "The party resisting discovery must show specifically how . . . each interrogatory [or

5

request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted).  The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  **See *Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001).  This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents.  **See *id.*** The District Court has discretion to limit the scope of discovery, if it has a good reason to do so.  ***Credit Lyonnais v. SGC Int'l, Inc.***, 160 F.3d 428, 431 (8th Cir. 1998).

While the scope of discovery need not be limited to the precise and narrow issues of a given case, the plaintiff has failed to meet his threshold burden of showing how responses to Interrogatory Nos. 1-4 could reasonably bear on the issues in the case.  As the plaintiff admits in his filings, he already received discovery related to other injured consumers.  The information sought in this third sets of interrogatories does not, however, bear on whether the defendant can be held liable for the plaintiff's injuries under the stated theories of negligence, breach of implied warranties or strict liability.  The facts related to how the defendant has handled previous claims and the identity of insurance carriers have no bearing on any of the plaintiff's claims in this case.  Further, the plaintiff has provided no argument or showing of how the requested discovery could bear on the issues raised in the defendant's motion for summary judgment.  For these reasons, Standard Candy need not supplement its responses to Interrogatory (Set III) Nos. 1-4.

In contrast, the plaintiff has met his threshold burden of showing how responses to Requests for Production Nos. 1-3 could reasonably bear on the issues in the case, particular the plaintiff's claim for negligence.  The information sought in the requests is similar to, if not identical to, an earlier request for production to which the Standard Candy did not object.  **See** Filing No. 68, Exhibit 6 - Responses to Requests for Production of Documents (Set II) No. 1.[2]  To the extent the current requests are duplicative of the earlier

---

[2]Request for Production (Set II) No. 1:
    Copies of any document or record in your possession or under your control, whether or not it was reported to Insurance Services Organization (ISO), that would disclose any claim made against you for an injury to the mouth, teeth, jaw, or other associated masticating structures by a consumer of any

request the defendant has waived any objection including relevance, over breadth or undue burden. Further, the defendant is under a continuing duty to supplement the earlier request pursuant to Fed. R. Civ. P. 26(e). In any event, the information provided to the plaintiff in response to the earlier request contains a partial listing of the information currently sought. **See** Filing No. 68, Exhibit 6. The response includes fifteen pages of documents dating incidents from 2000 through 2004, although the request was not limited by time. There is no rational basis for limiting the plaintiff's requests in light of the earlier request and response. Standard Candy has failed to meet its burden of showing it objections to Request for Production (Set III) Nos. 1-3 are valid. Accordingly, Standard Candy shall supplement its responses to Request for Production (Set III) Nos. 1-3. The court declines to award sanction pursuant to Fed. R. Civ. P. 37(a)(4)(C). Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's motion to compel and for sanctions (Filing No. 57) is granted in part and denied in part. The plaintiff's motion to compel is granted with regard to Request for Production (Set III) Nos. 1-3, and denied in all other respects.

2. Standard Candy Company, Inc. shall supplement its responses for Request for Production (Set III) Nos. 1-3 **on or before July 24, 2007**.

3. The plaintiff shall have to **on or before July 31, 2007,** to file a response to Standard Candy Company, Inc.'s Motion for Summary Judgment (Filing No. 49).

DATED this 9th day of July, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

product manufactured by you that contains peanuts, whether or not the claim was settled before suit or after suit was filed.
**See** Filing No. 62, Exhibit 6, p. 1.