# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES NEWTON, II, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV242 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STANDARD CANDY COMPANY, INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JIMBO'S JUMBOS, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

This matter is before the court on the plaintiff's Motion For Leave To File Amend[ed] Complaint (Filing No. 74) and Amended Motion For Leave To File Amend[ed] Complaint (Filing No. 78). The plaintiff filed a brief (Filing No. 75), an affidavit (Filing No. 76) and an index of evidence (Filing No. 77) in support of the motions. The defendant and third party plaintiff, Standard Candy Company, Inc. (Standard Candy) nor third party defendant, Jimbo's Jumbos, Inc., (Jimbo's Jumbos) file a response to the motions.

## BACKGROUND

The plaintiff alleges he was injured on or about March 11, 2004, when he bit into a Goo Goo Cluster candy bar. The plaintiff alleges the injury was caused by an "undeveloped peanut." **See** Filing No. 1. The plaintiff asserts the candy bar was manufactured, assembled, inspected, and distributed by Standard Candy. **Id.** Standard Candy filed a third party complaint alleging Jimbo's Jumbos, Inc. (Jimbo's Jumbos) supplied the peanuts which were incorporated into the batch of candy bars including the one purchased by the plaintiff. **See** Filing No. 7.

Based on these allegations, the plaintiff asserts claims against Standard Candy for negligence, breach of implied warranties and strict liability. **See** Filing No. 1. In turn,

Standard Candy alleges any of the plaintiff's injuries or damages were caused by Jimbo's Jumbos's negligence. **See** Filing No. 7. On that basis, Standard Candy contends it is entitled to indemnity or contribution from Jimbo's Jumbos. *Id.*

On May 16, 2007, Standard Candy filed a motion for summary judgment. **See** Filing Nos. 49-52. In the motion, Standard Candy contends it cannot be found liable to the plaintiff as a matter of law under the theories of strict liability or breach of implied warranty because the plaintiff admitted he knew the candy bar contained peanuts and/or that peanuts were natural to the product. Further, Standard Candy contends the plaintiff failed to provide any evidence the peanut in question was harmful by way of personal experience or expert testimony. Next, Standard Candy contends the plaintiff's negligence claim, based on res ipsa loquitur, is insufficient based on the allegations in the complaint or evidence produced during discovery to sustain the claim that allowing an undeveloped peanut into a candy bar is negligence. Finally, Standard Candy contends the plaintiff cannot establish Standard Candy breached any duty to the plaintiff.

On June 1, 2007, Jimbo's Jumbos filed a motion for summary judgement. **See** Filing Nos. 53-56. In the motion, Jimbo's Jumbos states it cannot be found liable to Standard Candy as a matter of law because there is no evidence Jimbo's Jumbos breached any duty of care or warranty. Jimbo's Jumbos contends it complied with government regulations and industry standards. Jimbo's Jumbos states there is no evidence of any circumstances that necessitate additional precautions to be taken by Jimbo's Jumbos.

On June 1, 2007, the plaintiff filed a motion seeking additional discovery and for an extension of time to respond to Standard Candy's motion for summary judgment. **See** Filing Nos. 56-62. The plaintiff contends Standard Candy's failure to provide complete and timely discovery has impaired his ability to respond to the motion for summary judgment. On June 4, 2007, the court granted the plaintiff a continuance of the deadline to respond to Standard Candy's motion for summary judgment until after the resolution of the motion to compel. **See** Filing No. 63. On July 9, 2007, the court entered an order granting and denying in part the plaintiff's motion to compel. **See** Filing No. 66.

On July 26, 2007, the court entered an order to extending the deadlines for Standard Candy to supplement its responses for requests for production by August 31, 2007 and for

the plaintiff to file a response to Standard Candy's motion for summary judgement by September 24, 2007.  **See** Filing No. 70.

On August 26, 2007, the plaintiff filed one of the instant motions to amend the complaint (Filing No. 74).  In his motion, the plaintiff requests leave to amend the complaint to reflect the allegation that Standard Candy failed to warn the public of a danger and hazard it could neither remove or guard against.  The plaintiff presented evidence, through the deposition of the Operation's Manager of Jimbo's Jumbo's, Paul Britton, that Standard Candy did not conduct further testing or sorting of peanuts once the peanuts arrived for incorporation into the Goo Goo Cluster candy bar.  **See** Filing No. 54, exhibit 2 p. 5.  The plaintiff contends an amendment to the complaint would not prejudice any party, extend discovery, or delay trial in this matter.

On August 27, 2007, the plaintiff filed an Amended Motion For Leave to File [an] Amen[ded] Complaint (Filing No. 78).  In the motion, the plaintiff notes the amended complaint contains allegations that the Goo Goo cluster was purchased, manufactured, and consumed by the plaintiff in Kansas.  The plaintiff contends that this creates an issue as to choice of law and under certain circumstances, Kansas allows the assessment of punitive damages.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  Unless there is a good reason for denial, "such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment -- leave to amend should be granted."  **Brown v. Wallace**, 957 F.2d 564, 566 (8th Cir. 1992) (quotes and cites omitted).

Upon consideration, the court finds the plaintiff has demonstrated good cause for amending its complaint.  Additionally, the court does not find the amendment is in bad faith, is futile, or will prejudice Standard Candy or Jimbo's Jumbos.  The parties are advised the court does not expect the amended complaint to result in any delay in the progression of this matter, and therefore, any requests for extensions of time as a result of the amended complaint must be supported by a showing of good cause.  Accordingly,

**IT IS ORDERED:**

1. The plaintiff's Amended Motion For Leave To File Amend[ed] Complaint (Filing No. 78) is granted.

2. The plaintiff's Motion For Leave To File Amend[ed] Complaint (Filing No. 74) is denied as moot.

3. The plaintiff shall file his Amended Complaint forthwith.

DATED this 19th day of September, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge