# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES NEWTON, II, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV242 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STANDARD CANDY COMPANY, INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JIMBO'S JUMBOS, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Leave to File A Second Amended Complaint (Filing No. 90). The plaintiff filed a brief (Filing No. 93), an affidavit (Filing No. 91) and an index of evidence (Filing No. 92) in support of the motion. The defendant Standard Candy Company, Inc. (Standard Candy) filed a brief (Filing No. 95) and an index of evidence (Filing No. 96) in opposition to the plaintiff's motion. The plaintiff did not file a reply. Jimbo's Jumbos, Inc. (Jimbo's Jumbos) did not participate in the briefing of this matter. Also, before the court is the plaintiff's Motion to Continue Hearing on Motion for Summary Judgment, Motion to Compel and Motion for Sanctions (Filing No. 79). The plaintiff filed a brief (Filing No. 82), an affidavit (Filing No. 80) and an index of evidence (Filing No. 81) in support of the motion. No other party filed a response to the motion. Both motions will be addressed below.

## BACKGROUND

The plaintiff alleges he was injured on or about March 11, 2004, when he bit into a Goo Goo Cluster candy bar. The plaintiff alleges the injury was caused by an "undeveloped peanut." **See** Filing No. 86 - Amended Complaint. The plaintiff asserts the candy bar was manufactured, assembled, inspected and distributed by Standard Candy. **Id.** Standard Candy filed a third party complaint alleging Jimbo's Jumbos supplied the

peanuts which were incorporated into the batch of candy bars including the one purchased by the plaintiff. **See** Filing No. 7.

Based on his allegations, the plaintiff asserts claims against Standard Candy for negligence, breach of implied warranties and strict liability. **See** Filing No. 86. In turn, Standard Candy alleges any of the plaintiff's injuries or damages were caused by Jimbo's Jumbos's negligence. **See** Filing No. 7. On that basis, Standard Candy contends it is entitled to indemnity or contribution from Jimbo's Jumbos. *Id.*

On May 16, 2007, Standard Candy filed a motion for summary judgment. **See** Filing Nos. 49-52. On June 1, 2007, the plaintiff filed a motion seeking additional discovery and for an extension of time to respond to Standard Candy's motion for summary judgment. **See** Filing No. 57. The court granted the plaintiff a continuance of the deadline to respond to Standard Candy's motion for summary judgment, and granted the plaintiff's motion for certain additional discovery from Standard Candy. **See** Filing Nos. 63, 66. The parties stipulated to extensions of time for Standard Candy to provide the discovery and for the plaintiff to respond to summary judgment. **See** Filing Nos. 69-70.

On August 26 and 27, 2007, the plaintiff moved to amend the complaint to add allegations that Standard Candy failed to warn the public of a danger the public could not guard against, and that the candy was manufactured, purchased and consumed in Kansas. **See** Filing Nos. 74, 78. At that time, the plaintiff contended such claims created an issue as to choice of law and may allow the assessment of punitive damages. *Id.* On September 9, 2007, the plaintiff moved to continue the deadline for him to respond to summary judgment and for various other sanctions. **See** Filing No. 79.

On September 19, 2007, the court allowed the plaintiff leave to amend, over the objection of Standard Candy. **See** Filing No. 85. On the same day, the plaintiff filed the amended complaint. **See** Filing No. 86. The next day, the parties stipulated to an extension of the deadline for the plaintiff to respond to Standard Candy's motion for summary judgment. **See** Filing Nos. 87, 89. On October 1, 2007, the plaintiff filed the instant motion to amend. **See** Filing No. 90. On October 29, 2007, the parties filed a joint stipulation to amend the progression order. **See** Filing No. 97. The plaintiff now has until December 24, 2007, to respond to Standard Candy's motion for summary judgment. **See** Filing No. 98. Additionally, trial in this matter was rescheduled to June 16, 2008. *Id.*

## ANALYSIS

**A.     Motion to Continue**

The plaintiff seeks an order extending his deadline to respond to summary judgment and assessing sanctions against Standard Candy related to outstanding document discovery related to depositions in Tennessee. **See** Filing No. 79. The plaintiff states counsel appeared in Tennessee to take the depositions of two Standard Candy representatives on July 17, 2007, but were unable to complete the depositions because one of the witnesses had certain previously undisclosed documents in her possession. Counsel determined that the depositions were futile without review of the documents. The plaintiffs states that as of September 9, 2007, Standard Candy had not produced the relevant documents or completed discovery as ordered in the July 26, 2007 order.[1] The plaintiff argued he should not have to respond to the summary judgment motion until receiving such discovery. The plaintiff seeks sanctions against Standard Candy including paying for the plaintiff's expenses associated with the July 17 depositions and to require the depositions to reconvene in Omaha. Finally, the plaintiff seeks dismissal with prejudice of the summary judgment motion.

The record in this case reflects the plaintiff has already been granted extensions of time to respond to Standard Candy's motion for summary judgment. These extensions were based on stipulations of counsel. Additionally, the record reflects the depositions of the subject witnesses were rescheduled to take place in Omaha, Nebraska. **See** Filing No. 99. Accordingly, the portions of the plaintiff's motion seeking such relief is denied as moot.

The plaintiff is not entitled to any other sanctions associated with the July 17 depositions. The court had not yet ordered Standard Candy to provide certain discovery at the time of the depositions. Additionally, the plaintiff fails to make a showing that his attempts to confer about the discovery problems were unsuccessful. In fact, it appears counsel were able to resolve the problems without court involvement. The court finds no sanctions are warranted under the circumstances.

---

[1] Other court documents indicate the discovery was produced on September 10, 2007, or September 11, 2007. **See** Filing Nos. 83, 84, and 87.

**B.     Motion to Amend**

The plaintiff seeks to amend the complaint to include a section of Kansas law on the issue of punitive damages and amend the prayer to include an award of punitive damages as allowed by Kansas law.  **See** Filing No. 90.  The plaintiff contends the amendment will not prejudice any party and the scheduling order allows time for additional discovery on the issue.  *Id.*  Standard Candy opposes the amendment, arguing the addition of punitive damages is improperly pleaded pursuant to Kansas law, and would cause unnecessary delay and prejudice.  In the alternative, Standard Candy seeks an order extending progression deadlines to allow for additional discovery or substitution of counsel, if necessary.  Standard Candy states substitution of counsel may be necessary, based on Standard Candy's liability coverage, if a claim for punitive damages is allowed.

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires."  "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." ***U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.***, 441 F.3d 552, 557 (8th Cir. 2006) (internal citation omitted).  The party opposing the amendment has the burden of demonstrating the amendment would be prejudicial.  **See *Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998).  There is no absolute right to amend.  ***Doe v. Cassel***, 403 F.3d 986, 990 (8th Cir. 2005).  Whether to grant a motion for leave to amend is within the sound discretion of the district court.  ***Gamma-10 Plastics, Inc. v. Am. President Lines,*** 32 F.3d 1244, 1255 (8th Cir. 1994).

Standard Candy fails to show the plaintiff's proposed amendment would be unduly prejudicial or cause delay.  The parties have already agreed to extensions of various deadlines, including trial which is currently scheduled for June 16, 2008.  Further, Standard Candy fails to show what additional discovery, if any, would be required by the amendment.

Standard Candy contends the plaintiff has improperly pleaded the punitive damage issue.  Leave to amend "may be denied if an amendment would be futile."  ***Stricker v. Union Planters Bank, N.A.***, 436 F.3d 875, 878 (8th Cir. 2006).  However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses."  ***Gamma-10 Plastics***, 32 F.3d at (quotations and citations omitted).  Further, "likelihood of success on the new claim or defense is not a consideration for denying leave

to amend unless the claim is clearly frivolous" "or legally insufficient on its face." **Becker v. Univ. of Neb.**, 191 F.3d 904, 908 (8th Cir. 1999); **Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." **Sokolski**, 178 F.R.D. at 396 (citations omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15--to facilitate decision on the merits rather than on the pleadings or technicalities." **Sharper Image Corp. v. Target Corp.**, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see Monahan v. New York City Dep't of Corr.**, 214 F.3d 275, 283 (2d Cir. 2000). "[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied." **Santiago v. Steinhart**, 1993 WL 410402 *1, 2 (S.D.N.Y. 1993).

The plaintiff previously had leave to amend the complaint to add claims which may subject the defendant to punitive damages. While the parties each have arguable positions on the issue, the likelihood of success on a claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous. **Gamma-10 Plastics**, 32 F.3d at 1256. While the plaintiff may or may not prevail on this issue, the issue should be determined on the merits rather than as part of a motion to amend. Accordingly, Standard Candy fails to meet its burden of showing it would be legally futile to allow the plaintiff to amend the complaint to include the prayer for punitive damages. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Continue Hearing on Motion for Summary Judgment, Motion to Compel and Motion for Sanctions (Filing No. 79) is denied.

2. The plaintiff's Motion for Leave to File A Second Amended Complaint (Filing No. 90) is granted.

3. The plaintiff shall have to **on or before November 27, 2007**, to file the Second Amended Complaint.

DATED this 15th day of November, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge