# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES NEWTON, II, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV242 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STANDARD CANDY COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion in Limine (Filing No. 136), the plaintiff's Motion for Sanctions (Filing No. 151) and the parties' Stipulation to Waive Jury Trial (Filing No. 160).  The briefing for the motions has been completed.

## BACKGROUND

The plaintiff alleges he was injured on or about March 11, 2004, when he bit into a Goo Goo Cluster candy bar.  The plaintiff alleges the injury was caused by an "undeveloped peanut."  **See** Filing No. 86.  The plaintiff asserts the candy bar was manufactured, assembled, inspected and distributed by Standard Candy.  *Id.*  While the plaintiff asserted additional claims, the only claim which remains is one for failure to warn.  **See** *id.*; Filing No. 155 - Order on Pretrial Conference.

## ANALYSIS

### A.   Plaintiff's Motion in Limine

On August 15, 2008, the plaintiff filed a motion in limine seeking to have the defendant's expert witnesses, Dr. Bruce W. Frank and Craig Leva stricken as witnesses. **See** Filing No. 136.  The plaintiff filed a brief (Filing No. 137) in support of the motion.  The plaintiff contends the defendant failed to provide any disclosure containing either the opinions or qualifications of these witnesses as required by Fed. R. Civ. P. 26(a)(2)(B). The defendant filed a brief (Filing No. 138) and an affidavit (Filing No. 139) in opposition to the motion. The plaintiff did not file a reply brief.  However, the undersigned magistrate judge and the parties discussed the issues contained in the plaintiff's motion in limine during the pretrial conference held on September 29, 2008.  The defendant agreed that

it would not call Dr. Frank as a witness at trial.  **See, e.g.**, Filing No. 155 - Order on Pretrial Conference.

The defendant acknowledges its failure to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B).  **See** Filing No. 138 - Brief p. 2.  However, the defendant denies the failure prejudiced the plaintiff.  The defendant states the plaintiff has not sought to depose the expert, even though the defendant had earlier disclosed Mr. Leva's name, occupation and that he would testify regarding the standard practice within the candy industry for reliance on suppliers.  The defendant argues the expert should not be stricken for a failure in the disclosure because there is still time to depose the expert and obtain the appropriate disclosures and because the plaintiff never brought the failure to the defendant's attention, as required by Fed. R. Civ. P. 37(a).  On September 4, 2008, the defendant filed a Disclosure of Experts (Filing No. 140) including some information about Mr. Leva, including a signed one-page report.

The defendant's expert disclosure materials were due January 30, 2007.  **See** Filing No. 40.  The defendant filed a disclosure on that date which contained only the witness's name and a short paragraph describing his proposed testimony.  **See** Filing No. 45.  The defendant admits the filing was not in compliance with the Rule 26(a) disclosure requirements.  The defendant's amended disclosure was not filed until September 4, 2008.  **See** Filing No. 140.  Also relevant here, the motion was filed one day before the deadline for depositions and less than two months before trial.  **See** Filing No. 119 - Scheduling Order.  The defendant never sought leave to extend the disclosure date, nor did it amend the disclosure to comply with the federal rules until after the plaintiff filed the motion to strike the witness.  The defendant provides no explanation for the failure to initially comply with the disclosure rules and instead attempts to shift the burden to the plaintiff.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  There is no doubt the defendant failed to comply with Rule 26(a) by failing to provide adequate expert disclosures.  Further, the defendant has failed to show the failure was either substantially justified or harmless.  Accordingly, the plaintiff's motion to strike Mr. Leva as an expert at trial is granted.

### B.     Plaintiff's Motion for Sanctions

On September 26, 2008, the plaintiff filed a motion for sanctions seeking an entry of default against the defendant for failure to comply with the July 9, 2007 order compelling production of certain discovery.  **See** Filing No. 151.  The plaintiff filed a brief (Filing No. 152), an affidavit (Filing No. 153) and an index of evidence (Filing No. 154) in support of the motion for sanctions.  The defendant did not respond to the motion.  However, the parties informed the undersigned magistrate judge that the issues may be resolved by the parties without court intervention.

The parties' dispute centers around the defendant's failure to produce all ISO printouts by July 24, 2007, as required in the order compelling discovery.  **See** Filing No. 152 - Brief p. 2; Filing No. 66.  The plaintiff states this evidence is necessary for trial so the plaintiff may show the jury the number of claims against the defendant which were similar to the plaintiff's claim.  The plaintiff made no showing whatever, that he attempted to resolve this issue between July 24, 2007, and September 26, 2008, when he filed the motion for sanctions.  Further, the fact that the parties are still working on a resolution highlights the plaintiff's inadequate attempts to resolve the dispute prior to filing the motion.  Since good faith attempts to resolve discovery disputes are required prior to the imposition of sanctions, the plaintiff's motion will be denied.  **See** Fed. R. Civ. P. 37(a).  Upon consideration,

**IT IS ORDERED:**

1.     The plaintiff's Motion in Limine (Filing No. 136) is granted.

2.     The plaintiff's Motion for Sanctions (Filing No. 151) is denied.

3.     The parties' Stipulation to Waive Jury Trial (Filing No. 160) is adopted, this matter will proceed as a trial to Chief Judge Joseph F. Bataillon.

DATED this 15th day of October, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge